

**Tagged Opinion**

## ORDERED in the Southern District of Florida on April 02, 2010.

John K. Olson, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re:**

Michael S. **Patasnik**,

Debtor.
_____/

Case No. 10-15198-BKC-JKO

Chapter 13

**ORDER:
(1) Finding That Incarceration Is Not A "Disability" under 11 U.S.C. § 109(h)(4);
(2) Extending Deadline to Obtain Credit Counseling to April 15, 2010;
(3) Directing Prison Authorities to Give Debtor Limited Telephone or Internet Access**

On March 1, 2010, Michael S. Patasnik filed a Chapter 13 Voluntary Petition which, in Exhibit D, requested waiver of the 11 U.S.C. § 109(h)(1) credit counseling requirement because he is incarcerated and cannot "call out." *See* [DE 1], at 5. A hearing was conducted on March 31, 2010 to determine whether incarceration renders Mr. Patasnik "so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing" developed by BAPCPA to counsel bankrupts to trim budgets rather than file for bankruptcy protection. *See* § 109(h)(1), (h)(4). I took the matter under advisement.

While a common sense understanding of the language of § 109(h)(4) might lead one to conclude that incarceration (in a facility which restricts telephone and internet access) renders a prisoner "so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing" - the overwhelming majority of courts have held that incarceration does not excuse a debtor from the § 109(h)(1) credit counseling requirement. *See, e.g., In re Anderson*, 397 B.R. 363 (B.A.P. 6th Cir. 2008); *In re Denger*, 417 B.R. 485 (N.D. Ohio 2009); *In re Larsen*, 399 B.R. 634 (E.D. Wis. 2009); *In re Hubel*, 395 B.R. 823 (N.D.N.Y 2008); *In re Goodwin*, Case No. 08-82704, 2009 Bankr. LEXIS 1362 (Bankr. N.D. Ga. Mar. 11, 2009); *In re Cox*, Case No. 07-10787-JDW, 2007 Bankr. LEXIS 4162 (Bankr. M.D. Ga. Nov. 29, 2007). One of the key facts in *Anderson* was that the prisoner could obtain a court order directing prison officials to allow a telephone call to a credit counseling agency. *Anderson*, 397 B.R. at 367. I therefore conclude that my discretion is limited to giving Mr. Patasnik such a court order and extending the deadline to April 15, 2010. *See* § 109(h)(3).

It is therefore ORDERED that:

(1) Mr. Patasnik is not excused from the § 109(h)(1) credit counseling requirement because incarceration is not a "disability" under § 109(h)(4);

(2) the deadline to obtain the required credit counseling is now April 15, 2010;

(3) prison officials holding Michael S. Patasnik are directed to give Mr. Patasnik limited telephone or internet access so that Mr. Patasnik may complete his required credit counseling course no later than April 15, 2010.

# # #

Copies to:

Michael S. Patasnik
7751 Southampton Terrace
Tamarac, FL 33321

Michael S. Patasnik
New River Correctional Institution
7819 NW 228 St
Raiford, FL 32026

Warden and/or Custodian of Michael S. Patasnik
New River Correctional Institution
7819 NW 228 St
Raiford, FL 32026